**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDY AGUILAR, on behalf of** | ) | |
| **Himself and other similarly situated,** | ) | |
| | ) | **1:19-cv-02528** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CAPITAL ONE BANK (USA), N.A.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT-CLASS ACTION

Plaintiff Andy Aguilar, individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Capital One Bank (USA), N.A.  ("Defendant") in contacting Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA"). These calls are harassing, constitute a nuisance, a trespass to chattels, and are an invasion of privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Illinois, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, companies with their principal places of business and/or State of Incorporation in Virginia. Plaintiff also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds

1

the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to *18 U.S.C. 1391(b)* because Defendant does business within the State of Illinois, within the County of Cook and therefore in the Northern District of Illinois.

## PARTIES

4. Plaintiff Andy Aguilar ("Plaintiff") is a natural person residing in Chicago, Illinois, and is a "person" as defined by *47 U.S.C. § 153(39)*.

5. Defendant, Capital One Bank (USA), N.A. ("Capital One") is a company in the business of collecting debt; and is a "person" as defined by *47 U.S.C. § 153(39)*.

## FACTUAL ALLEGATIONS

### A.   Factual Allegations Regarding Defendant

6. Capital One services certain delinquent accounts that it holds or owns, by placing automated calls using an ATDS or artificial or prerecorded voice to consumers who have fallen behind in their payments.

7. Defendant made calls using an ATDS or artificial or prerecorded voice to cellular telephones whose owners have not provided prior express written consent to receive such calls. Plaintiff received such calls without providing prior consent.

8. Defendant also failed to cease such improper calls even after it has been told not to call the customer using an ATDS and/or artificial or prerecorded voice.  Plaintiff received such calls even after telling Defendant to cease calling him.

B.     **Factual Allegations Regarding Plaintiff**

9.     Capital One has called Plaintiff's cellular telephone numerous times within the four years immediately preceding the filing of this complaint.

10.     Plaintiff has received numerous calls to his cellular telephone from Capital One using the same pre-recorded voice message.  For example, Plaintiff received the same recorded message from Defendant on February 9, 10, 16, 20, 21, 23,24 and 26, 2019, and on March 2, 3, 5, 7, 8, 9 and 10, 2019.

11.     For some or all of the calls, Plaintiff would answer the call and hear "dead air," even after saying "hello" multiple times, however, most calls were a recorded message requesting a return call.

12.     Plaintiff did not consent to any of these calls.

13.     On April 19, 2017, Plaintiff was able to speak with a representative of Capital One. Plaintiff told the representative that he did not consent or agree to these calls, and demanded that the recorded calls cease.

14.     Despite this conversation, after being instructed to stop calling Plaintiff, Capital One began calling Plaintiff's cell phone again. Defendant has placed at least twenty-two (22) telephone calls to Plaintiff's cellular telephone after being instructed to stop calling Plaintiff.

15.     Capital One knows all about the TCPA's prohibitions against using an autodialer to call cell phones. They have been sued for such violations many times. It made the calls in spite of this knowledge.

16.     Plaintiff and the class have been substantially damaged by Defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings

of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## CLASS ALLEGATIONS

17.     Plaintiff brings this action individually and on behalf of all others similarly situated, as members of the proposed class (hereafter the "Class") defined as follows:

> All persons within the United States to whom (a) Defendant (b) in an effort to collect payment on debts alleged owed to Capital One, (c) placed calls (d) to their cellular telephone (e) through the use of the same or similar dialing system used to contact Plaintiff and/or an artificial or prerecorded voice (f) where any call occurred on or after April 19, 2017.

18.     Plaintiff represents, and is a members of, the Class. Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's employees and agents are excluded from the Class.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

19.     Plaintiff does not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20.     The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe and thereon allege that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

21.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular

telephones, thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members. Additionally, these illegal calls tied up the cell phones of Plaintiff and the class, which had the purpose and effect of preventing them from using their phones for legitimate purposes.

22. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. As to Plaintiff and the Class, whether Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b. As to Plaintiff and the Class, whether Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

c. Whether Defendant are liable for ATDS generated and/or artificial or prerecorded voice calls attempting to collect debt owed to Defendant made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf; and

d.     Whether Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

23.     As persons who received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent, Plaintiff is asserting claims that are typical of the Class.

24.     Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer class actions and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor hi counsel have interests that are contrary to or that conflict with those of the proposed Class.

25.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26.     Defendant has engaged in a common course of conduct toward Plaintiff and Class members. The common issues arising from this conduct that affect Plaintiff and Class members predominate over any individual issues. Adjudication of these common issues in a single action

6

has important and desirable advantages of judicial economy.

27.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28.     Defendant have acted or refused to act in respects generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide bases. Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)(1)(A)**

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the preceding paragraphs.

30.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and Class members using an ATDS and/or artificial or prerecorded voice.

31.     As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of *47 U.S.C. § 227(b)(1)(A)*, Plaintiff and Class members presumptively are entitled to an award of $500.00 in statutory damages for each and

every call to their cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to *47 U.S.C. § 227(b)(3)(B).*

32.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the**
**Telephone Consumer Protection Act**
**47 U.S.C. §227(b)(1)(A)**

33.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the preceding paragraphs.

34.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and Class members using an ATDS and/or artificial or prerecorded voice.

35.     As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, Plaintiff and Class members are entitled to treble damages of up to $1,500.00, for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

36.     Plaintiff and Class members are also entitled to and seek injunctive relief

prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

37. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or their affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial;

I. Prejudgment interest; and,

J. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

38. Plaintiff demands a trial by jury for all issues so triable.

/s/ Larry P. Smith

Larry P. Smith
David M. Marco
**SMITHMARCO**, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
(312) 361-1690
(888) 418-1277 (fax)
lsmith@smithmarco.com
dmarco@smithmarco.com

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
Co-Counsel for Plaintiff